IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| LESLIE RATER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:24-cv-0142-BP |
| § | |
| COMMISSIONER, SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Leslie Rater ("Rater") applied for Title II Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("SSA"). The Commissioner denied her application, deciding that she was not disabled. Rater appealed, but the Social Security Appeals Council ("AC") rejected her request for review. There is no reversible error in the legal standard that the Administrative Law Judge ("ALJ") applied, and substantial evidence supports her determination that Rater was not disabled. Accordingly, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** the case **with prejudice**.

**I.    BACKGROUND**

Rater applied for DIB and SSI on August 30, 2021. Soc. Sec. Admin. R. ("Tr.") ECF No. 7-1 at 23. She alleged disability beginning on September 15, 2020. *Id*. The Commissioner denied her application initially on July 6, 2022, and upon reconsideration on May 1, 2023. Tr. 18.

Rater challenged the Commissioner's denial in a hearing before an ALJ, who affirmed the Commissioner's decision on June 6, 2024. *Id*. at 15-35. Rater appealed the decision to the AC, which denied review on September 11, 2024. *Id*. at 1-3. "[T]he Commissioner's decision does not become final until after the [AC] makes its decision denying the claimant's request for review."

*Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). Rater then filed this civil action seeking judicial review of the Commissioner's decision under 42 U.S.C. §§ 405(g), 1383(c)(3). ECF No. 1.

## II.    STANDARD OF REVIEW

Titles II and XVI of the SSA govern the DIB program and SSI programs, respectively. *See* 42 U.S.C. §§ 401-434; §§1381-1383f. Claimants seeking benefits under either program must prove that they are "disabled" within the meaning of the SSA. *See Hollis v. Bowen*, 837 F.2d 1378, 1382 n.3 (5th Cir. 1988) (stating the "relevant law and regulations governing the determination of disability under a claim for [DIB] are identical to those governing the determination under a claim for [SSI]"). A person is disabled if he is unable "to engage in any substantial gainful activity ("SGA") by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), § 1382c(a)(3)(A). To determine whether a claimant is disabled and thus entitled to benefits, the Commissioner employs a sequential five-step evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a).

First, the claimant must not be presently doing any SGA. *Id.* § 404.1520(a)(4)(i). SGA is work that "involves doing significant physical or mental activities" for pay or profit. *Id.* § 404.1572. Second, the claimant must have a severe impairment or combination of impairments. *Id.* § 404.1520(a)(4)(ii). Third, disability exists if the impairment or combination of impairments meets or equals an impairment in the federal regulatory list. *See* 20 C.F.R. § 404.1520(a)(4)(iii) (referencing 20 C.F.R. pt. 404, subpt. P, app. 1). Before proceeding to steps four and five, the Commissioner assesses the claimant's RFC and considers her past relevant work ("PRW"). *See id.*

§ 404.1520(a)(4), (e)-(f). RFC means "the most [a claimant] can still do despite [her] limitations." *Id.* § 404.1545(a)(1).

Previously, PRW meant work the claimant performed "within the past 15 years, that was SGA, and that lasted long enough for [the claimant] to learn to do it." *Id*. § 404.1560(b)(1). The definition has since changed, and as of June 22, 2024, PRW means the "work that you have done within the past five years that was SGA and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(2). The Commissioner made the decision regarding Rater's application prior to June 22, 2024, so the previous definition is proper in this case. *See* Tr. 15.

Fourth, if the claimant's medical status alone does not constitute a disability, the impairment or impairments must prevent the claimant from returning to her PRW considering his or her RFC. *Id.* § 404.1520(a)(4)(iv). Fifth, the impairment must prevent the claimant from doing any other relevant work, considering the claimant's RFC, age, work experience, and education. *Id.* § 404.1520(a)(4)(v); *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999).

"A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing [she] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

Judicial review is limited to determining whether the Commissioner applied correct legal standards and whether substantial evidence in the record supports the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis*, 837 F.2d at 1382. "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion." *Ripley v.*

3

*Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). "It is more than a mere scintilla and less than a preponderance." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Id.* (quoting same). The Court may neither reweigh evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Harris*, 209 F.3d at 417; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (alteration in original) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### III.   ANALYSIS

The Commissioner, acting through the ALJ, completed the five-step evaluation process in this case. Tr. 18-35. First, the ALJ found that Rater had not engaged in SGA since her alleged disability onset date of September 15, 2020. *Id*. at 20. Second, she found seven severe impairments: "cervicalgia, spinal stenosis, carpal tunnel syndrome, inflammatory arthritis of right hand, obesity, depression, and anxiety." *Id*. at 21. She also found that Rater had non-severe impairments, such as "hernias and obstructive sleep apnea (OSA)." *Id*. She determined that these impairments, "alone or in combination with other impairments," would not "cause more than a minimal limitation on the claimant's ability to perform physical activity." *Id*.

Third, the ALJ identified no impairment or combination of impairments that qualified under the federal regulatory list. Tr. 21. The ALJ then assessed Rater's RFC, concluding:

> that [Rater] has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [she] can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. [Rater] can occasionally stoop, kneel, crouch and crawl. [Rater] can

>occasionally handle and finger with dominant right upper extremity (RUE). [Rater] can understand, remember, and carry out simple instructions, make simple work-related decisions, and can adjust to occasional changes in the work setting. [Rater] can frequently interact with coworkers, supervisors and the public.

Tr. 23-24.

At step four, the ALJ determined that Rater could not perform PRW as a massage therapist and order clerk as these jobs are actually or generally performed. *Id*. at 33. The ALJ found that "the demands of [Rater's] [PRW] exceed her current [RFC]." *Id*.

The ALJ found at step five that "considering [Rater's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Rater] can perform." *Id*. The ALJ explained that if Rater could perform the full range of light work, this would lead to a finding of "not disabled." *Id*. at 34. But the ALJ then explained that even though Rater's ability to perform the full range of light work was "impeded by additional limitations," the vocational expert ("VE") had testified that Rater "would be able to perform the requirements of representative occupations," namely, the jobs of counter clerk and rental clerk. *Id*.

Rater argues that "[t]he [RFC] assessment is not supported by substantial evidence because there are no medical opinions assessing how Rater's severe mental impairments affect her ability to work." ECF No. 8 at 6. Specifically, she asserts that "[t]he ALJ erred in assessing how Rater's severe mental impairments affected her ability to work without support from a medical opinion." *Id*. at 8. Rater argues that although "[t]he state agency mental health consultants ("SAMHCs") found that Rater had no severe mental impairments," the ALJ "found that the [SAMHCs'] opinions were not persuasive." *Id*. at 7.

The Commissioner responds that "substantial evidence and relevant legal standards support the ALJ's mental RFC assessment." ECF No. 11 at 5. The Commissioner asserts that the relevant

5

regulations and caselaw do not support Rater's argument and that "the Fifth Circuit has rejected [Rater's] argument that the ALJ improperly played doctor when assessing a claimant's RFC without relying on a medical opinion." *Id*. at 1. The Commissioner concludes that "[t]he ALJ based her mental RFC finding on the credible medical, testimonial, and documentary evidence of record," and that "[t]he record, as the ALJ discussed, provides substantial evidence supporting the ALJ's mental RFC assessment." *Id*. at 5.

In her reply, Rater argues that the Commissioner failed to refute Rater's "proof" that "substantial evidence and relevant legal standards did not support the ALJ's mental [RFC] assessment." ECF No. 12 at 1. Rater further states that "the cases cited by the Commissioner do not support his argument" that the ALJ can assess an RCF without relying on a medical opinion because "in each of these cases, the ALJ relied, at least in part, on medical opinions." *Id*. at 2.

**A.     Substantial evidence supports the ALJ's determination of Rater's RFC.**

The RFC is an ALJ's assessment, based on all relevant medical and other evidence in the record, of the *most* that a claimant can still do despite her limitations. *See* 20 C.F.R. § 404.1545 (emphasis added). It reflects the individual's maximum remaining ability to do sustained work activity in an ordinary work setting on a regular and continuing basis. *See* Social Security Regulation ("SSR") 96-8P, 1996 WL 374184, at *2 (S.S.A. July 2, 1996); *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). A regular and continuing basis is an eight-hour day, five days a week, or an equivalent schedule. *See* SSR 96-8P, 1996 WL 374184 at *2. "The RFC determination is a combined medical assessment of an applicant's impairments with descriptions by physicians, the applicant, or others of any limitations on the applicant's ability to work." *Mary L. v. Comm'r of Soc. Sec.*, No. 3:23-cv-1430-BK, 2024 WL 3939571, at *3 (N.D. Tex. Aug. 26, 2024). The RFC determination is the sole responsibility of the ALJ. *See Taylor v. Astrue*, 706 F.3d 600, 602 (5th

6

Cir. 2012) (citing *Ripley*, 67 F.3d at 557); 20 C.F.R. § 404.1546. Substantial evidence must support an RFC determination, and the ALJ, not the court, resolves any conflicts in the evidence. *See S.K. v. O'Malley*, No. 3:24-cv-092-BR, 2024 WL 2162777, at *2 (N.D. Tex. May 14, 2024).

"Because a determination [of] whether an impairment[ ] is severe requires an assessment of the functionally limiting effects of an impairment[ ], [all] symptom-related limitations and restrictions must be considered at this step." *Martinez v. Kijakazi*, No. 3:20-cv-3282-BH, 2022 WL 4590577, at *11 (N.D. Tex. Sept. 29, 2022) (quoting SSR 96-3P, 1996 WL 374181, at *2 (S.S.A. July 2, 1996)). Ultimately, a severity determination may not be "made without regard to the individual's ability to perform [SGA]." *Stone v. Heckler*, 752 F.2d 1099, 1104 (5th Cir. 1985).

In making an RFC determination, the ALJ considers evidence of a claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence in the record. *See* 20 C.F.R. § 404.1529(a). The ALJ also examines a claimant's medical history that often documents "such matters as test results, physicians' interpretations of those tests, diagnoses, treatments and procedures, and information regarding [a claimant's] recovery from those procedures." *Wills v. Kijakazi*, No. 22-20609, 2023 WL 4015174, at *4 (5th Cir. 2023) (per curiam).

"Under the current regulations, ALJs do not 'defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings.'" *Mary L.*, 2024 WL 3939571, at *4 (quoting 20 C.F.R. §§ 404.1520c(a), 416.920c(a)). In reviewing all evidence in the record, "an ALJ is free to reject any medical opinion when the evidence supports a contrary conclusion." *Ward v. Comm'r of Soc. Sec.*, No. 5:24-cv-00153-BP, 2025 WL 531783, at *5 (N.D. Tex. Feb. 18, 2025) (internal citations omitted). Additionally, an ALJ's RFC finding need not "mirror or match a medical opinion." *Mary L.*, 2024 WL 3939571, at *4 (internal citations

7

omitted). Nor must an ALJ incorporate limitations in the RFC that she did not find the record supported. *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991).

While an ALJ generally should "request a medical source statement describing the type of work that the applicant is still capable of performing[, t]he absence of such a statement . . . does not, in itself, make the record incomplete." *Gonzales v. Colvin*, No. 3:15-cv-0685-D, 2016 WL 107843, at *9 (N.D. Tex. Jan. 11, 2016) (quoting *Ripley*, 67 F.3d at 577); *see also Vasquez v. O'Malley*, No. 24-50233, 2024 WL 4381269, at *2 (5th Cir. 2024) (finding "[a]n administrative record is not *per se* incomplete without a medical opinion about a claimant's limitations, so long as it otherwise contains substantial evidence to make the RFC assessment."). Medical opinions are just one category of evidence that ALJs consider when making an RFC determination. *See* 20 C.F.R. § 1513.

The pertinent SSRs explain that an RFC assessment takes into consideration many factors, not just medical evidence. *See* SSR 96-8p, 1996 WL 374184 at *3 (July 2, 1996) (RFC is based on all the relevant evidence of an individual's abilities to do work-related activities); *see Johnny M. v. Saul*, No. 5:20-cv-173-BR, 2022 WL 9597736, at *4 (N.D. Tex. Jan. 21, 2022) (affirming the ALJ's decision based on substantial evidence because the ALJ had considered the medical and other evidence in the record, even absent a medical source statement describing the types of work Plaintiff could do). Thus, when there is no medical statement in the record, the inquiry shifts and "focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." *Ripley*, 67 F.3d at 557; *see S.K.*, 2024 WL 2162777, at *3 (finding that "[a]n ALJ may properly make a disability determination that does not expressly adopt any medical opinion when it is based on substantial evidence").

8

Although a claimant's step-two burden is quite low, it remains exceedingly difficult to show that substantial evidence does not support an ALJ's opinion, in whole or in part. Evidence is substantial if it "is more than a mere scintilla," but it need not be greater than a preponderance. *Boyd*, 239 F.3d at 704. It is the bare minimum needed for "a reasonable mind [to] accept to support a conclusion." *Ripley*, 67 F.3d at 555 (quoting *Greenspan*, 38 F.3d at 236). A finding of no substantial evidence is only appropriate where a reasonable mind could not support the ALJ's conclusion based on the evidence under consideration. *See id*.

Substantial evidence did not support the ALJ's RFC determination in *Ripley*, thus warranting remand, because the record "d[id] not clearly establish…the effect [the claimant's] condition had on his ability to work." *Id*. at 557. The ALJ found Ripley not disabled because he could perform sedentary work. *Id*. Even though the record included "a vast amount of medical evidence," including "reports discussing the extent of Ripley's injuries," no reports from "qualified medical experts" showed how Ripley's condition affected his ability to perform sedentary work. *Id*. at 557 & n.27.

After *Ripley*, the Court found that reversible error lies where the "record does not clearly establish" how an applicant's condition affects his ability to work. *Bowles v. Comm'r of Soc. Sec.*, No. 7:20-cv-00112-O-BP, 2021 WL 7451148, at *3 (N.D. Tex. Oct. 19, 2021), *rec. adopted*, 2022 WL 768546 (N.D. Tex. Mar. 14, 2022); *Fitzpatrick v. Colvin*, No. 3:15-cv-3202-D, 2016 WL 1258477, at *7-8 (N.D. Tex. Mar. 31, 2016); *Thornhill v. Colvin*, No. 3:14-cv-335-M, 2015 WL 232844, at *10 (N.D. Tex. Dec. 15, 2014), *rec. adopted*, 2015 WL 232844 (N.D. Tex. Jan. 16, 2015).

Rater argues that substantial evidence did not support the ALJ's RFC determination and focuses primarily on the determination regarding her mental impairments. ECF No. 8 at 6. She

9

asserts that the SAMHCs found that Rater had no severe mental impairment, and that since the ALJ found the SAMHCs' opinions to be unpersuasive, the evidence supported a finding that Rater's depression and anxiety were severe. *Id*. at 7-8. Rater continues that the ALJ assessed how Rater's mental impairments affected her ability to work without support from a medical opinion and "play[ed] the role of doctor." *Id* at. 8-9.

Rater's first argument is misguided since the ALJ found that Rater's anxiety and depression were severe impairments. Tr. 21. The ALJ considered both the "paragraph B" and "paragraph C' criteria in determining the severity of Rater's mental impairments. Tr. 23. The ALJ found that "the evidence supports depression and anxiety as severe mental health impairments" and that the SAMHCs' opinions were "inconsistent with diagnosis and need for psychotropic medication." TR. 32. Thus, she found that they were unpersuasive. *Id.* However, the ALJ ultimately found that, "based on the entire record, including the testimony of the claimant … the claimant retains the capacity to function adequately to perform many basic activities associated with work." *Id*.

As for Rater's second argument that no medical opinion supports the ALJ's RFC finding, the record reflects that in determining the RFC, the ALJ incorporated medical evidence and reviewed the entire record. For instance, the ALJ indicates that she considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Tr. 24. She considered Rater's subjective complaints, objective medical evidence including reports from physical examinations, prescriptions, x-rays, and mental evaluations. *Id*. at 24-29.

The ALJ found that "the evidence does not support disabling limitations." Tr. 30. She then summarized portions of the objective medical evidence including her observation that "the mental status exams were generally within normal limits." Tr. 30-31. The ALJ considered this evidence

and the non-medical evidence including her mother's testimony at the hearing that Rater was able to perform many everyday tasks such as picking up and dropping off her children at school, laundry, cooking, cleaning, taking care of her personal care, shopping in stores and by computer, managing funds, and watching television and that Rater could follow "written and oral instructions 'pretty well.'" *Id*. at 31. The ALJ concluded that "the evidence fails to support [Rater's] assertions of disability." *Id*. at 32.

The ALJ also reviewed several mental health treatment records showing that Rater was taking medication for her depression and anxiety that helped her mental state and that she had made progress with her mood and attitude. *Id*. at 28-30. The ALJ reviewed these records as they discussed Rater's mental status, appearance, behavior, insight and judgment, along with the accompanying diagnoses from physicians. *Id*.

In reaching her decision, the ALJ carefully considered medical records, medical opinions, hearing testimony from Rater and her mother, and other evidence in the record. Tr. 24-32. Addressing the hearing testimony, the ALJ found that Rater's medically determinable impairments could be expected to cause her alleged symptoms. *Id*. at 25. Nonetheless, she determined that Rater's statements regarding the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence or other evidence in the record. *Id*. In support of this finding, the ALJ noted Rater's medical records, mental health evaluations, and reported typical daily activities. *Id*.

The ALJ's opinion references many factors that led to her conclusion that Rater is not disabled. The ALJ dedicated nine pages of her opinion to an analysis of the entire record, including testimony at the hearing, previous treatment and examinations from health care professionals, reported daily activities, medical opinions, and prior administrative medical findings. Tr. 24-32.

ALJs may assign more or less persuasive value to certain evidentiary sources and reach an RFC based on some, but not all, of the evidentiary record. *Vasquez v. Comm'r of Soc. Sec.*, No. 7:21-cv-00028-O-BP, 2022 WL 2975471, at *5 (N.D. Tex. June 30, 2022), *rec. adopted*, No. 7:21-cv-00028-O-BP, 2022 WL 2972240 (N.D. Tex. July 26, 2022). Thus, even though the ALJ noted that some of the medical consultants' opinions were unpersuasive, her decision is not devoid of any medical opinions, and the record as a whole supports her conclusion. The ALJ did not simply reject the medical consultant's assessments, and she explained the reasoning for her decision. Accordingly, the ALJ properly evaluated the medical opinion evidence of record in reaching her conclusion.

**B.     The ALJ did not rely solely on her own judgment in determining the RFC.**

Rater also claims that because the ALJ assessed how Rater's impairment affected her ability to work without support from a medical opinion, she erred and essentially "play[ed] the role of doctor 'for which she is generally ill-equipped.'" ECF No. 8 at 8-9 (citations omitted). Rater claims that the ALJ "relied on the VE's testimony to find that Rater could work as a counter clerk and rental clerk … [b]ut a medical professional may have found that Rater could not frequently interact with others," and that "both the counter clerk and rental clerk occupations require workers to talk and hear frequently." *Id*. at 11. However, an ALJ's RFC determination need not mirror a medical professional's assessment.

In a similar case where the ALJ's RFC assessment did not restate any medical opinion, the Fifth Circuit noted that "[alt]hough the ALJ neither adopted the state agency report verbatim nor accepted the testimony of [a medical expert], it cannot be said that [her] decision was not based on substantial evidence or that [she] improperly applied the relevant legal standards." *Webster v. Kijakazi*, 19 F.4th 715, 719 (5th Cir. 2021). Moreover, the pertinent SSRs explain that an RFC

assessment takes into consideration many factors, not just medical evidence. *See* SSR 96-8p, 1996 WL 374184 at *3 (July 2, 1996) (RFC is based on all the relevant evidence of an individual's abilities to do work-related activities). Further, under agency policy, even though the ALJ's RFC assessment may adopt a medical source statement, or elements of it, they are not the same. *See id*. Accordingly, an ALJ may consider the totality of the evidence in assessing a claimant's RFC.

There is no requirement that the ALJ consider or find at least one medical opinion persuasive for substantial evidence to support her RFC assessment. Nor is an ALJ required to adopt a specific physician's assessment. Instead, the ALJ is responsible for weighing all the evidence and determining a claimant's capacity for work. *See Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773 at *4 (5th Cir. Jan. 18, 2023). The Fifth Circuit also indicated that even in situations where no medical statement or opinion is present, the Court's "inquiry focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." *Ripley*, 67 F.3d at 557; *accord Gutierrez v. Barnhart*, No. 04-11025, 2005 WL 1994289, at *7 (5th Cir. Aug. 19, 2005) ("This Court has held that the absence of a medical source statement about a plaintiff's ability to work does not, by itself, make the record incomplete."). The Fifth Circuit has commented that "experienced ALJs can draw their own conclusions based on accurate medical information." *Barrett v. Berryhill*, 906 F.3d 340, 343 (5th Cir. 2018).

Here, the ALJ heard Rater's testimony and description of her activities after the alleged onset date of disability, assessed her subjective complaints and symptoms, and considered the objective medical evidence. She then determined that Rater's symptoms were not as serious as she claimed, and she provided a reasoned basis for the RFC finding and conclusion that Rater was not disabled. *See* Tr. 24-32. Despite Rater's argument that the ALJ did not properly consider whether she could frequently interact with others, the ALJ discussed Rater's ability to interact with others

based on hearing testimony. For example, the ALJ noted that, based on Rater's own statements, "she is able to get along with others, shop, spend time with friends and family… live with others," and she "spends time with others in person, on the phone, email, texting, and video chat." Tr. 31. Contrary to Rater's claim, under Fifth Circuit authority, the mere absence of a medical opinion does not render the record insufficient, underdeveloped, or erroneous so long as substantial evidence supports the ALJ's decision. *See Gutierrez*, 2005 WL 1994289, at *7.

The Fifth Circuit has held that "ALJs are no longer required to give controlling weight to a treating physician's opinion…" *Webster*, 19 F.4th at 719-20. To that end, the ALJ here properly exercised her responsibility as fact finder to weigh the evidence and incorporate limitations in Rater's RFC assessment that the record supported. *Audler,* 501 F.3d at 447. This evidence included expert medical opinion and non-expert evidence in the record as a whole. The ALJ relied on that evidence in arriving at her RFC determination as the regulations and case law require. Accordingly, she did not commit reversible error on this point.

## IV. CONCLUSION

Because the ALJ applied the proper legal standards and substantial evidence supports the ALJ's decision, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** this case **with prejudice**.

It is so **ORDERED** on May 2, 2025.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE